**EXHIBIT C**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAQIM WALKER, derivatively on behalf of INSULET CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>DUANE DESISTO, PATRICK SULLIVAN, CHARLES LIAMOS, BRIAN ROBERTS, ALLISON DORVAL, JOHN FALLON, SALLY W. CRAWFORD, TIMOTHY J. SCANNELL, STEVEN T. SOBIESKI, REGINA SOMMER and JOSEPH ZAKRZEWSKI,<br><br>Defendants,<br><br>and<br><br>INSULET CORPORATION,<br><br>Nominal Defendant. | Civ. A. No. 17-10738-MLW |

**NOTICE TO CURRENT INSULET STOCKHOLDERS**

On July 11, 2018, Insulet Corporation ("Insulet" or the "Company"), in its capacity as a nominal defendant, entered into a Stipulation of Settlement (the "Stipulation") in the above-captioned shareholder derivative action—in which two derivative actions were consolidated—filed derivatively on behalf of Insulet, in the United States District Court for the District of Massachusetts (the "Court") against certain current and former directors and officers of the Company and against the Company as a nominal defendant (the "Derivative Action"). The Stipulation and the settlement contemplated therein (the "Settlement"), subject to the approval of the Court, is intended by the Settling Parties[1] to fully, finally, and forever compromise, resolve, discharge, and settle the Released Claims and to result in the complete dismissal of the Derivative Action with prejudice, upon the terms and subject to the conditions set forth in the Stipulation. The proposed Settlement requires the Company to adopt certain additional corporate governance measures and procedures, as outlined in Exhibit A to the Stipulation, and provides that the Demand made by Plaintiff Walker was a consideration in the Company's

---

[1] All capitalized terms used in this notice, unless otherwise defined herein, are defined as set forth in the Stipulation.

1

**EXHIBIT C**

implementation of the Quality Reforms outlined in Exhibit B to the Stipulation. In exchange, Defendants agree to pay, or cause to be paid, a Fee and Expense Award to Plaintiffs' Counsel of four hundred twenty-five thousand dollars ($425,000.00) and Service Awards to each of two Plaintiffs of two thousand five hundred dollars ($2,500.00) to be paid from the Fee and Expense Award, subject to Court approval.

This notice is a summary only and does not describe all of the details of the Stipulation. For full details of the matters discussed in this summary, please see the Stipulation posted on the "Investors" section of Company's website, www.insulet.com, contact Plaintiffs' Counsel at the address listed below, or inspect the Stipulation and its exhibits filed with the Clerk of the Court.

<u>Summary</u>

On _____, 2018, the Court entered an order preliminarily approving the Stipulation and the Settlement contemplated therein, and providing for notice to be posted by Plaintiffs' Counsel on their websites and via press release and also, along with the Stipulation, on the "Investors" section of the Company's website, (the "Preliminary Approval Order"). The Preliminary Approval Order further provides that the Court will hold a hearing (the "Settlement Hearing") on _____ at _____ a.m./p.m. before the Honorable Mark L. Wolf in Courtroom 10 of the United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210, pursuant to Federal Rule of Civil Procedure 23.1, to among other things: (i) determine whether the proposed Settlement is fair, reasonable and adequate and in the best interests of the Company and its shareholders; (ii) consider any objections to the Settlement submitted in accordance with the Notice; (iii) determine whether a Judgment substantially in the form attached as Exhibit E to the Stipulation should be entered dismissing all claims in the Derivative Action with prejudice and releasing the Released Claims against the Released Parties; (iv) consider the agreed-to Fee and Expense Award to Plaintiffs' Counsel of attorneys' fees and the reimbursement of expenses; (v) consider the Service Awards to Plaintiffs, which will be funded from the Fee and Expense Award; and (vi) consider any other matters that may properly be brought before the Court in connection with the Settlement.

Any Insulet Shareholder who wishes to object to the fairness, reasonableness, or adequacy of the Settlement as set forth in the Stipulation, or to the proposed award of attorneys' fees and expenses, may file an objection. An objector must no later than twenty-one (21) days prior to the Settlement Hearing: (1) file with the Clerk of the Court and serve upon the below listed counsel a written objection to the Settlement setting forth: (a) the nature of the objection; (b) proof of ownership of Insulet common stock through the date of the Settlement Hearing, including the number of shares of Insulet common stock held and the date of purchase; (c) any and all documentation or evidence in support of such objection; and (d) the identities of any cases, by name, court, and docket number, in which the stockholder or his, her, or its attorney has objected to a settlement in the last three years; and (2) if a Current Insulet Stockholder intends to appear and requests to be heard at the Settlement Hearing, such Stockholder must, in addition to the requirements of (1) above, file with the Clerk of the Court and serve on the below counsel: (a) a written notice of such Stockholder's intention to appear at the Settlement Hearing; (b) a statement that indicates the basis for such appearance; (c) the identities of any witnesses the Stockholder intends to call at the Settlement Hearing and a statement as to the subjects of their testimony; and (d) any and all evidence that would be presented at the Settlement Hearing. Any objector who does not timely file and serve a notice of intention to appear in accordance with

**EXHIBIT C**

this paragraph shall not be permitted to appear at the Settlement Hearing, except for good cause shown.

The objector must file such objections and supporting documentation with the Clerk's Office, U.S. District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, MA 02210 not later than twenty-one (21) days prior to the Settlement Hearing, and, by the same date, copies of all such papers must also be received by each of the following persons:

**Counsel for Plaintiffs:**
Michael J. Hynes
HYNES KELLER & HERNANDEZ, LLC
101 Lindenwood Drive, Suite 225
Malvern, PA 19355

**Counsel for Defendants:**
Caroline H. Bullerjahn, Esq.
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210

An objector may file an objection on his, her or its own or through an attorney hired at his, her or its own expense. If an objector hires an attorney to represent him, her or it for the purposes of making such objection pursuant to this paragraph, the attorney must effect service of a notice of appearance on the counsel listed above and file such notice with the Court no later than twenty-one (21) days before the Settlement Hearing. Any Insulet shareholder who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred. Any submissions by the Settling Parties in opposition or response to objections shall be filed with the Court no later than seven (7) days before the Settlement Hearing.

Any objector who files and serves a timely, written objection in accordance with the instructions above and herein, may appear at the Settlement Hearing either in person or through counsel retained at the objector's expense. Objectors need not attend the Settlement Hearing, however, in order to have their objections considered by the Court.

If you are a current holder of Insulet common stock and do not take steps to appear in this action and object to the proposed Settlement, you will be bound by the Judgment of the Court and will forever be barred from raising an objection to such settlement in this or any other action or proceeding, and from pursuing any of the Released Claims.

If you held Insulet common stock as of July 11, 2018 and continue to hold such stock, you may have certain rights in connection with the proposed Settlement. You may obtain further information by contacting counsel for Plaintiffs at: Michael J. Hynes, Esq., Hynes Keller & Hernandez, LLC, 101 Lindenwood Drive, Suite 225, Malvern, PA 19355, Telephone: (484) 875-3116, Email: mhynes@hkh-lawfirm.com.